**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE B. SONG, | No. C 05-03813 CRB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SHYUE Y. CHANG and DOES 1-5, | |
| Defendants. | |

Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable plaintiff to prosecute the action.

Viewing plaintiff's application in isolation, it appears that he should be allowed to proceed IFP. A court is under a continuing duty, however, to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

This action is identical to a previous action filed by plaintiff and dismissed by this

Court, 05-3041. Plaintiff is a physician. He alleges that while he was working as an intern at Taipei Veterans General Hospital in Taiwan in the 1980's he was treated by defendant, a surgeon, for treatment of snoring. Plaintiff claims that defendant intentionally created a severe upper airway obstruction and that this intentional conduct caused plaintiff to become permanently disabled. He alleges that defendant engaged in such "intentional mayhem" because defendant "resented Plaintiff's American medical education, advanced degrees and U.S. citizenship." Complaint at p. 3.

The Court dismissed plaintiff's original complaint in 05-3041 because plaintiff did not identify under what law or statute he made his claims. The Court also held that it did not have venue of plaintiff's claims. As plaintiff had not identified any law pursuant to which he was bringing his suit, the Court treated the complaint as a demonstrated that venue in this district was improper. See 28 U.S.C. § 1391(a), (b). The Court also found that plaintiff's complaint demonstrated that the Court did not have personal jurisdiction of defendant, a Taiwan surgeon; in particular, the complaint's jurisdictional allegations did not satisfy either general or specific jurisdiction. For all these reasons, the Court dismissed plaintiff's complaint without prejudice.

Plaintiff's new complaint identifies the statute pursuant to which he brings his claim: the Antiterrorism Act of 1990, 18 U.S.C. section 2333. That statute provides:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

The statute also provides for venue in this district. 18 U.S.C. § 2334(a) (venue is proper "where any plaintiff resides").

While plaintiff's new action demonstrates that the Court has venue of his claim, the complaint must nonetheless be dismissed. First, plaintiff does not add any allegations that would demonstrate that this Court has personal jurisdiction of defendant, a Taiwan surgeon. See Estate of Unger v. Palestinian Authority, ___F.Supp.2d___, 2005 WL 3005810 (S.D.N.Y. Nov. 7, 2005) (dismissing 18 U.S.C. section 2333 claims for lack of personal

2

jurisdiction). That statute provides that process may be served "in any district where the defendant resides, is found, or has an agent." 18 U.S.C. § 2334(a). The complaint alleges that defendant does not reside in any district; inside he resides and is found in Taiwan.

Second, the statute provides a cause of action for those injured by acts of "international terrorism." International terrorism is defined as acts that "appear to be intended–(i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping." 18 U.S.C. § 2331(B)(i)(ii)(iii). Plaintiff alleges that defendant intentionally botched the surgery because he resented plaintiff's American medical training. Such allegation, viewed in the light most favorable to plaintiff, cannot reasonably be read as alleging an act of international terrorism as is defined by the statute. This is especially so given that plaintiff alleges that he did not even discover defendant's "intentional mayhem" until nearly 20 years after the surgery. Such "hidden" conduct cannot be designed to "intimidate or coerce a civilian population."

In sum, plaintiff cannot state a claim under 28 U.S.C. section 2333 as a matter of law. Thus, his request to proceed with this lawsuit without the prepayment of fees is denied, and his complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: Nov. 14, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE